UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICKIE MONROE HOLIFIELD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-105-ACL |
| ) | |
| MISSISSIPPI COUNTY SHERIFF'S ) | |
| OFFICE JAIL ADMINSTRATOR, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Rickie Monroe Holifield for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the instant complaint using the Court's "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983" form. It appears that plaintiff was a pretrial detainee at the time of the events giving rise to plaintiff's claims, but he is not presently incarcerated. He states he is awaiting trial. Plaintiff names the Mississippi County Sheriff's Office "Jail Administrator" as defendant, and avers the defendant is employed by the Mississippi County Sheriff's Office. He does not indicate the capacity in which he sues the defendant, even though the complaint form clearly solicited that information.

Plaintiff's allegations are best understood if quoted in full. They are as follows.

My constitutional rights were violated and left to hold my stool until release. I was booked and searched given a matt bar of soap and flip flops. No toilet paper

> utensils for eating. Cup to drink out of and when asked for the [illegible] was rushed by Co. Faith ?? and Koss ?? and threatened by taser if I persisted. Humiliated and degraded by staff on numerous occasions. Denied medical treatment on 2 occasions and proper sanitary working toilets w/ old stool [illegible] by trash bag. On 24 hour hold that lasted 2 days.

Later in the complaint, plaintiff writes:

> Denied medical treatment by jail nurse. 2 times and multiple times by correction officers, although my blood pressure was unacceptable still denied med treatment by MD.

Plaintiff seeks $2 million in damages due to "negligence and inhumane treatment by correctional officers, Jail Administrator and Jail Nurse."

## Discussion

As noted above, plaintiff does not specify the capacity in which he sues the defendant. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, plaintiff alleges that the defendant is employed by the Mississippi County Sheriff's Office. However, entities such as sheriff's offices and police departments are not subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Therefore, plaintiff's official-capacity claims against the Mississippi County Sheriff's Office Jail Administrator are not cognizable under § 1983. Additionally, the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violation. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

Even if plaintiff had asserted individual-capacity claims against the defendant, the complaint would be subject to dismissal because plaintiff's claims sound in respondeat superior. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Claims sounding in respondeat superior are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Here, plaintiff does not allege that the defendant was causally linked to, or bore any personal responsibility for, the allegedly unconstitutional conditions or conduct. Therefore, the complaint fails to state a claim upon which relief can be granted against the defendant.

The foregoing notwithstanding, the complaint would be subject to dismissal because plaintiff's allegations do not describe conditions or conduct that invade a federally-protected right. Plaintiff first alleges he was subjected to unconstitutional conditions of confinement. Because plaintiff was a pretrial detainee at the time he was subjected to the allegedly unconstitutional conditions, his claims are analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *Stickley v. Byrd*, 703 F.3d 421, 423 (8th Cir. 2013) (citing *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010)). *See also Davis v. Oregon County, Missouri*, 607 F.3d 543, 548 (8th Cir. 2010) (citing *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007)). However, the Fourteenth Amendment affords "at least as great" protection to pretrial detainees as the Eighth Amendment affords to convicted prisoners. *Stickley*, 703 F.3d at 421. "Under the Fourteenth Amendment, a pretrial detainee's constitutional rights are violated if the detainee's conditions of confinement amount to punishment." *Id.* (citing *Morris*, 601 F.3d at 809). "Hence,

pretrial detainees 'are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time.'" *Id.* (citing *Beaulieu v. Ludeman,* 690 F.3d 1017, 1045 (8th Cir. 2012).

Here, plaintiff alleges he was held in the jail for two days, and was denied toilet paper and "proper sanitary working toilets." Plaintiff can also be understood to allege he was not given eating utensils, and was only given a mat, a bar of soap, flip flops and a cup. While these allegations describe unpleasant conditions of confinement, they do not describe unconstitutional conditions of confinement. *See Stickley*, 703 F.3d at 423-24 (citing with approval cases finding that similar deprivations did not constitute constitutional violations, including being subjected to an overflowing toilet for four days, and a four or five-day deprivation of toilet paper, clothes, running water, hygiene supplies, a blanket, and a mattress).

Plaintiff also alleges he was rushed and threatened by corrections officers, and humiliated and degraded by staff. Generally, "verbal threats made by a state-actor do not constitute a § 1983 claim." *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). This is so because the Constitution does not guard against all intrusions on a person's peace of mind. *King v. Olmstead County*, 117 F.3d 1065, 1067 (8th Cir. 1997). Typically, fear or emotional injury resulting solely from threats or verbal harassment is insufficient to constitute the violation of an identified liberty interest. *Id.* Additionally, plaintiff failed to allege sufficient facts describing the conduct he believes violated his rights. Without a factual underpinning, plaintiff's allegations amount to legal conclusions that are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

Plaintiff also states he was denied medical treatment for "unacceptable" blood pressure, and he seeks damages for negligence. As an initial matter, the Court notes that plaintiff again failed to provide sufficient factual support for his allegations. *See id.* Additionally, the statements plaintiff did provide fail to state a plausible claim of deliberate indifference. While plaintiff states his blood pressure was "unacceptable," he does not describe his condition in a way that permits the inference he had a serious medical need while incarcerated at the jail. Plaintiff also fails to allege that he exhibited or described a medical condition or even any symptoms to the defendant, a corrections officer or a member of the medical staff so as to place that person on notice that he had a serious medical need. It therefore cannot be said that plaintiff has sufficiently alleged that he had a serious medical need that the defendant, a corrections officer or a member of the medical staff actually knew of yet deliberately disregarded, as required to state a claim of deliberate indifference. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (explaining the test for deliberate indifference). Plaintiff does state he believes he is entitled to recover damages due to negligence. However, allegations amounting to negligence do not state claims of constitutional significance. *Id., Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Finally, plaintiff does not allege he suffered harm from going without a medical examination or treatment for "unacceptable" blood pressure for the two days he was incarcerated. *See Moots v. Lombardi*, 453 F.3d 1020, 1023 (8th Cir. 2006) (holding that deliberate indifference claim failed because plaintiff could not show how he suffered any harm as a result of a temporary delay in receiving medication).

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes that plaintiff's allegations fail to state a claim upon which relief may be granted, and

the Court cannot envision an amendment that would cure the deficiencies. The Court will therefore dismiss the complaint at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this _20th_ day of September, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE